NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALIBELLO CONSULTING ASSOCIATES, LLC,<br><br>                        **Plaintiff,**<br><br>v.<br><br>ROBERT SHENFELD,<br><br>                        **Defendant.** | Civil Action No. 10-4162 (WJM)<br><br><u>REPORT AND RECOMMENDATION</u> |

**FALK, U.S.M.J.**

      This matter comes before the Court upon: (1) Plaintiff's motion to remand this case to state court [CM/ECF No. 8]; and (2) Defendant's cross-motion to dismiss Plaintiff's Complaint [CM/ECF No. 15.]  The motions are decided on the papers submitted.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, it is respectfully recommended that Plaintiff's motion to remand be **granted** and Defendant's motion to dismiss be **denied without prejudice**.

**BACKGROUND**[1]

      This is a breach of contract case.  Plaintiff, Salibello Consulting Associates, LLC ("Plaintiff"), is a limited liability company with a New Jersey resident, Anna Salibello, as its sole member.  Plaintiff entered into an agreement with Robert Shenfeld ("Defendant" or "Shenfeld"), an individual residing in the State of New York, to provide consulting services related to the tile manufacturing and design business.  The consulting agreement was entered into in connection

---

[1] The facts in the background section have been drawn from the parties' submissions.

with an asset purchase agreement between Shenfeld and another of Salibello's companies, Terra Designs, Inc. The present motions turn on exclusive forum selection provisions contained in those agreements.

### 1. The Asset Purchase Agreement

On January 17, 2007, Shenfeld entered into an Asset Purchase Agreement to purchase certain business assets from Terra Designs, Inc ("Terra Designs") for $125,000. (See Declaration of the Mark A. Trokan, Esq. ("Trokan Decl.") at Exhibit B (Asset Purchase Agreement); CM/ECF No. 15-6.) Terra Designs is a closely held tile fabrication company owned and operated by Anna Salibello. In connection with the asset purchase, the parties contemplated that Shenfeld would retain Ms. Salibello as a consultant. This understanding was set forth in the Asset Purchase Agreement, which provided that Ms. Salibello would form a limited liability company that would enter into a separate consulting agreement with Shenfeld. (Trokan Decl., Ex. B at ¶ 27.) Accordingly, Ms. Salibello formed the Plaintiff, Salibello Consulting Associates, LLC, in order to execute the Consulting Agreement.[2]

### 2. The Consulting Agreement

On July 11, 2007, Salibello Consulting and Shenfeld executed the Consulting Agreement.

---

[2] Defendant claims that Consulting Agreement to be entered into was "to be in the form of the Consulting Agreement annexed to" the Asset Purchase Agreement and was "made a part" of the Asset Agreement by reference. No record evidence suggests this ever occurred. The Asset Purchase Agreement Defendant provides the Court does *not* have the Consulting Agreement attached as an exhibit, (see Trokan Decl., Ex. B), and it is unclear how the executed Consulting Agreement could have been attached to the Asset Purchase Agreement when it was not executed until nearly 6 months *after* the Asset Purchase Agreement. Thus, it remains unclear whether there was anything attached to the Asset Purchase Agreement, and if so, whether it was anything more than a template for the parties to use in crafting a final Consulting Agreement.

(See Certification of Salvatore Salibello, Esq. ("Salibello Cert.") at Exhibit A (Consulting Agreement); CM/ECF No. 13-1.)  The agreement provides that Salibello Consulting would perform various services for Shenfeld for a period of 60 months, including consultation regarding the tile fabrication process, tile design, and customer and client relationships.

        3.      **The Forum Selection Provisions**

Both the Consulting Agreement and the Asset Purchase Agreement contain specific provisions regarding the appropriate forum to raise any future claims.  The Consulting Agreement provides:

> [A]ny legal proceeding which may be commenced for any purpose with respect to the rights and/or obligations that are established under the provisions of this Agreement including, but not limited to, for the purpose of either enforcing or securing an interpretation of those terms and provisions, shall **only** be commenced in the Superior Court of New Jersey, Morris County and **may not be commenced in any other federal or state court**.

(Salibello Cert., Ex. A at ¶ 7) (emphasis added).

Likewise, the Asset Purchase Agreement states:

> In addition, the Superior Court of New Jersey, Morris County, shall have exclusive jurisdiction over any and all legal proceedings which may be commenced with respect to or which may otherwise involve any of the rights, liabilities or obligations that are established under the provisions of this Asset Sale Agreement and accordingly any such legal proceeding may only be commenced in the Superior Court of New Jersey, Morris County and may not be commenced in any other federal or state court.

(Trokan Decl., Ex. B at ¶ 12) (emphases in original).

However, unlike the Consulting Agreement, the Asset Purchase Agreement also contains an arbitration provision, which provides that disputes arising under the Asset Agreement would be subject to binding arbitration, save for claims for injunctive relief:

> Except as hereinafter specifically provided, in the event that any

>    dispute or controversy of any nature or character whatsoever shall
>    arise under the provisions of this Agreement . . . the involved
>    dispute or controversy shall be submitted for final, binding and non-
>    appealable arbitration to be conducted at an office location in
>    Morris County, New Jersey . . .
>
>    .    .    .
>
>    Notwithstanding the foregoing arbitration provision, however, Terra
>    Designs, Inc., shall have the unconditional right to seek and obtain
>    from a Court of competent jurisdiction injunctive relief without first
>    pursuing an arbitration remedy . . .

(Id. ¶ 33.)

### 4. The Complaint

On June 16, 2010, Plaintiff commenced an action in New Jersey Superior Court, Morris County, alleging breach of the Consulting Agreement.[3] In essence, Plaintiff claims that Defendant refused her consulting services in breach of the agreement and failed to compensate her for services rendered. The Complaint was filed in state court in accordance with the exclusive forum selection provision in the Consulting Agreement. The Complaint makes no reference to, and does not seek to recover under, the Asset Purchase Agreement.

On August 13, 2010, Defendant removed the action to this Court, asserting diversity jurisdiction. On August 20, 2010, Defendant filed an answer to the Complaint and asserted counterclaims for alleged breach of the Asset Purchase Agreement.

### 5. Plaintiff's Motion to Remand

On August 31, 2010, Plaintiff moved to remand this case to state court. Plaintiff argues that the Consulting Agreement contains a forum selection clause that mandates the New Jersey Superior Court, Morris County, as the exclusive forum to resolve any disputes arising out of the

---

[3] The Complaint also refers to a "Security Agreement," which the parties allegedly entered into in order to "secure the compensation owed to Plaintiff." (Compl. ¶ 9.) However, the Court has not been provided with the agreement, and it is not discussed in the parties' briefing.

4

agreement. Plaintiff contends that forum selection clause waives Defendant's right to remove the case and requests that the clause be enforced.

In response, Defendant filed what purports to be opposition to the motion to remand and a cross-motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] Defendant's brief contains almost no substantive response to the motion to remand, stating only the following in opposition to remand:

> Plaintiff improperly commenced the action in the Superior Court of New Jersey in violation of the Asset Agreement's arbitration provisions. Because the arbitration clause functions as a 'gatekeeper to the doors of the court,' it is controlling and renders the choice of forum clause inapplicable. . . .[B]ecause Plaintiff improperly initiated the action in the Superior Court of New Jersey instead of submitting the dispute to arbitration, Shenfeld's removal to the United States District Court for the District of New Jersey is not restricted by the terms of the Asset Agreement.

(Def.'s Br. 8.)

Even though Plaintiff's Complaint relies upon the Consulting Agreement and not the Asset Purchase Agreement, Defendant appears to argue that Plaintiff cannot sue independently under the Consulting Agreement because Plaintiff's claims somehow "arise from and are directly related to the Asset Agreement." (Def.'s Br. 14.) Defendant thus argues that the Complaint should be dismissed because of the parties' "agreement to arbitrate contained in the Asset Sales Agreement . . . ." (Def.'s Br. 1.)

On October 1, 2010, Plaintiff filed a reply, arguing for enforcement of the forum selection provision and repeating that it seeks to recover under the Consulting Agreement, a separate legal agreement from the Asset Purchase Agreement. Furthermore, Plaintiff expressly states that it

---

[4] Defendant has characterized his cross-motion as one for dismissal under Rule 12(b)(6). Since Defendant had previously filed an answer, the motion is more properly described as a motion for judgment on the pleadings pursuant to Rule 12(c). See Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).

does not seek to recover under the Asset Purchase Agreement nor does it dispute any provisions of the Asset Purchase Agreement.

## DISCUSSION

**A.     Legal Standard**

"[T]he party asserting federal jurisdiction in a removed case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Corp., 357 F.3d 392, 396 (3d Cir. 2004).

The Third Circuit Court of Appeals has established that a valid forum selection clause constitutes contractual waiver of a defendant's right to remove an action to federal court. See Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216 (3d Cir. 1991), cert. denied, 502 U.S. 908 (1991); see also Four River Exploration, LLC v. Bird Resources, Inc., No. 09-3158, 2010 WL 216369, at * 2 (D.N.J. Jan. 15, 2010) (granting motion to remand based on forum selection provision); Gust v. U.S. Falcon, Inc., No. 09-3307, 2009 WL 3234697, at *1 (D.N.J. Sept. 28, 2009) (same). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Foster, 933 F.2d at 1218-19. A forum selection clause is "unreasonable" where the defendant can make a "strong showing," either that the forum selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," or that the clause was procured through "fraud or overreaching." Id. The clause is enforceable and remand appropriate even if the language of the clause does not expressly bar removal. See, e.g., Karl Koch Erecting Co., Inc. v. New York Convention Center, Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988); cf. Foster,

933 F.2d at 1219.

**B.    Analysis**

    **1.    Defendant's Opposition to Remand**

Defendant's opposition to remand is based solely on his belief that Plaintiff has relied upon the wrong agreement in preparing its Complaint, and that Plaintiff has thus failed to abide by an arbitration provision in the agreement that Defendant, but not Plaintiff, believes should control. Defendant provides no argument that the forum selection clause in the Consulting Agreement is invalid or unenforceable. Rather, Defendant argues in a purely conclusory fashion that the forum selection clause is somehow "inapplicable" because the arbitration provision in the Asset Purchase Agreement (a separate agreement Plaintiff is not relying upon), is the "gatekeeper to the doors of the Court." (Def.'s Br. 8.) In other words, despite the Complaint's express reliance on the Consulting Agreement, Defendant contends that Plaintiff should not have filed a Complaint at all, but rather submitted its dispute to arbitration under the provisions of the Asset Purchase Agreement. This "argument" is completely meritless.

*First*, Defendant cites absolutely no legal authority for its attempt to re-plead Plaintiff's Complaint to involve the Asset Purchase Agreement.[5] Plaintiff is the master of its Complaint and may plead as it chooses, see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987), and

---

[5] Indeed, the presentation of Defendant's entire argument in opposition to remand, essentially limited to a single paragraph (see Def.'s Br. 8), is so perfunctory that it could conceivably be deemed waived, leaving the motion to remand substantively unopposed. See N.J. Bldg. Laborers Statewide Ben. Funds v. Perfect Concrete Funding, No. 10-1540, 2010 WL 2292102, at *1 (D.N.J. June 2, 2010) (Martini, J.) ("Respondent's brief cites no law: no statutory law, no case law, no scholarly authority. An undeveloped argument in a brief is waived."); Aiellos v. Zisa, 09-3076, 2010 WL 421081, at *5 (D.N.J. Feb. 2, 2010) (Martini, J.) ("A throw-away argument left undeveloped is waived.").

those allegations are assumed true for purposes of this motion.[6]  Moreover, if Defendant's argument were accepted, it would effectively preclude ever bringing an independent claim of any kind under the Consulting Agreement, a position for which there is no support.

*Second*, and perhaps most important, even if the Asset Purchase Agreement and its arbitration provision were somehow relevant to Plaintiff's Complaint, which has not been shown, Defendant is mistaken that enforcement of the arbitration provision takes priority over enforcement of the forum selection clause.  Many courts have held that where there are disputes both over the improper removal of an action in contravention of a forum selection or service of suit clause and a cross-request to enforce alleged arbitration rights, the dispute over the forum clause and the proper court (*i.e.*, state or federal) should be resolved prior to the proper proceeding (*i.e.*, lawsuit or arbitration).  See, e.g., Travelers Ins. Co. v. Keeling, 996 F.2d 1485, 1489-90 (2d Cir. 1993) (affirming district court judgment remanding action pursuant to forum clause which did not resolve "whether the suit will be arbitrated or litigated in state court"); Welborn v. Classic Syndicate, Inc., 807 F. Supp. 388, 389 (W.D.N.C. 1992); Weener Plastics Inc. v. HNH Packaging, Inc., No. 08-496, 2009 WL 2591291, at *4 (E.D.N.C. Aug. 19, 2009) ("The court will turn first to the motion to remand.  Its resolution will determine whether this court is a proper forum for further judicial proceedings in this case, including whether it is a proper forum to resolve defendants' motion for arbitration.  The court rejects defendants' contention that this court can properly decide their motion to compel arbitration without first determining whether it can lawfully act on that motion." (citing Welborn, 807 F. Supp. at 389));

---

[6] See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the Plaintiff's complaint at the time the petition for removal was filed.  In so ruling, the district court must assume as true all factual allegations of the complaint."); see also Delaware v. Smith, 644 F. Supp. 2d 475, 477 (D. Del. 2009).

Dahiya v. Talmidge Intern., Ltd., No. 02-2135, 2002 WL 31962151, at *1 (E.D. La. Oct. 11, 2002); Monticelli v. Homestead Ins., No. 96-4132, 1997 WL 88379, at *2 (N.D. Cal. Feb. 14, 1997) (granting motion to remand on forum clause and "expressing no view with respect to the substance" of cross-motion to compel arbitration); Travelers Ins. Co. v. Keeling, No. 91-7753, 1993 WL 18909, at *1 (S.D.N.Y. Jan. 19, 1993). Here, the exclusive forum selected by the parties is the New Jersey Superior Court, and that court has whatever authority may exist to resolve disputes over the scope or applicability of the agreements and whether arbitration of any kind is appropriate.

### 2. The Forum Selection Clause is Enforceable

Since resolution of the forum selection issue should proceed first, remand is inevitable. Defendant makes no argument that the forum selection clause is substantively invalid or unenforceable. To avoid enforcement of the provision, it is Defendant's burden to show that the chosen forum is overly burdensome or that the clause was procured through fraud or overreaching. See Foster, 933 F.2d at 1219. No such showing is even attempted, let alone made. Thus, the forum selection provision should be enforced and the case remanded. See id.[7] Moreover, since remand is the threshold issue, Defendant's motion to dismiss should be denied without prejudice as moot.[8] See, e.g., N.J. Spinal Med. & Surgery v. Aetna Ins. Co., No. 09-

---

[7] Plaintiff's motion to remand makes vague references to the Court's authority to award fees and expenses for improper removal. (Pl.'s Br. 3; Pl.'s Reply Br. 3.) The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Although the Court disagrees that removal was proper, the relationship between the two agreements provides an arguably non-frivolous basis for removal. Thus, to the extent Plaintiff requests fees and expenses, the request should be denied.

[8] Plaintiff's motion to remand makes vague and apparently alternative requests to dismiss or compel arbitration of Defendant's counterclaims, which are apparently premised on the Asset Purchase Agreement. As with Defendant's motion to dismiss, these issues should also be

2503, 2009 WL 3379911, at *1 (D.N.J. Oct. 19, 2009) (Martini, J.) (adopting report and recommendation granting motion to remand and denying cross-motion to dismiss as moot).

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand be **granted** and Defendant's cross-motion to dismiss be **denied without prejudice** as moot.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

Dated:   December 30, 2010

---

addressed to the jurisdiction selected by the parties as the exclusive forum to resolve their disputes.