UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SALIBELLO CONSULTING ASSOCIATES, L.L.C.** | 10-CV-04162-WJM |
| Plaintiff, | |
| v. | **ORDER** |
| **ROBERT SHENFELD,** | |
| Defendant. | |

    A Report and Recommendation ("R&R") was filed on December 30, 2010 by United States Magistrate Judge Mark Falk recommending that Plaintiff's motion to remand this action to the Superior Court of New Jersey be granted and that Defendant's motion to dismiss be denied without prejudice.

    Plaintiff sued in New Jersey Superior Court, Morris County, arguing breach of contract and related claims under a consulting agreement between the parties. Defendant removed this case from state court arguing that the operative agreement for the suit was the Asset Purchase Agreement (the "APA") rather than the consulting agreement. Both agreements contain a forum selection clause identifying the "Superior Court of New Jersey, Morris County" as the sole venue for all litigation. The APA also contains an arbitration clause that Defendant alleges requires all claims for other than injunctive relief be submitted to an arbiter for binding arbitration. Plaintiff moved to remand the case under the forum selection clause of the consulting agreement. Defendant cross-moved to

dismiss the underlying complaint for failure to state a claim. In the R&R, Judge Falk rejected Defendant's arguments and recommended remand.

The parties were notified that they had ten days to submit objections and responses to the R&R pursuant to Local Civil Rule 72.1(c)(2).  Plaintiff urges this Court to accept the R&R in full. Defendant raises two objections to the R&R, neither of which avails him. The Court has considered the record and has reviewed the entire R&R *de novo*.

Defendant first objects that Judge Falk incorrectly held that the consulting agreement and the APA are separate agreements, but this issue is not dispositive; even if Judge Falk was wrong, the outcome would be the same because both agreements contain a valid forum selection clause naming the same venue. Defendant's second objection, that neither agreement's forum selection clause is triggered until the Plaintiff raises a valid claim for injunctive relief, does not make sense and is not supported by any authority. Indeed, it makes much more sense for the case to be remanded to the proper venue and for that court to decide the validity of the claims and the proper construction of the agreement or agreements at issue. *See, e.g., Integrated Health Resources, LLC v. Rossi Psychological Group, P.A.*, 537 F. Supp. 2d 672, 676-77 (D.N.J. 2008).

For the foregoing reasons and for good cause shown;

**IT IS** on this 28th day of January 2011, hereby,

**ORDERED** that the Report and Recommendation of Magistrate Judge Mark Falk is adopted as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's motion to remand is **GRANTED**; and it is further

**ORDERED** that this case is remanded to New Jersey Superior Court, Morris County; and it is further

**ORDERED** that Defendant's cross-motion to dismiss is denied without prejudice.

   /s/ WILLIAM J. MARTINI
**WILLIAM J. MARTINI, U.S.D.J.**